IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KATHLEEN M. FEHN, | ) | CIVIL NO. 05-00082 JMS/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BERNARD W. HVIDDING, individually | ) | ORDER *SUA SPONTE* GRANTING |
| and as an employee of Child Protection | ) | SUMMARY JUDGMENT AS TO |
| Services, Department of Human Services, | ) | ALL CLAIMS AGAINST AULANI |
| State of Hawaii; ED LEONG, | ) | MCNEIL |
| individually and as an employee of Child | ) | |
| Protection Services, State of Hawaii; | ) | |
| CHILD PROTECTION SERVICES, | ) | |
| Department of Human Services, State of | ) | |
| Hawaii; STATON MINESHIMA, | ) | |
| individually and as an employee of Hale | ) | |
| Kipa; HALE KIPA, INC.; AULANI | ) | |
| MCNEIL, individually; and DOE | ) | |
| ENTITIES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER *SUA SPONTE* GRANTING SUMMARY JUDGMENT
AS TO ALL CLAIMS AGAINST AULANI MCNEIL

In a complaint filed on February 4, 2005, pro se Plaintiff Kathleen

Fehn contends that the defendants violated her constitutional rights to familial

association and to practice her chosen profession.  All the defendants other than

Aulani McNeil (McNeil) filed motions for summary judgment.  By Order filed

September 6, 2006, this court granted those motions, dismissing all claims other than those against McNeil.

On September 6, 2006, the court also entered an Order to Show Cause, requiring Fehn to show cause why her claims against McNeil should not be dismissed.   Fehn has not responded to the court's Order to Show Cause.   Based on the court's independent review of Fehn's claims against McNeil, the court *sua sponte* grants summary judgment in favor of McNeil and DISMISSES all remaining claims against McNeil.

## I.   BACKGROUND

The court set forth many relevant background facts in its September 6, 2006 Order Striking Plaintiff's Opposition to the Defendant's Motions for Summary Judgment and Granting the Defendants' Motions for Summary Judgment (September 6, 2006 Order).   In this Order, the court only addresses facts relevant to Fehn's allegations against McNeil.

In December 2002, Fehn's daughter, Sasha, was admitted to Kahi Mohala, a mental health facility.   At this time, State of Hawaii Department of Human Services employees received a report that Sasha was admitted due to depression and suicidal ideation allegedly caused by Fehn's abusive behavior towards Sasha.   September 6, 2006 Order at 4.   Later, in December 2002, Sasha

was a "walk-in" to a group home run by Hale Kipa, Inc., a private non-profit

charitable organization.  September 6, 2006 Order at 12; Declaration of Stanton

Mineshima, attached to Staton Mineshima's and Hale Kipa, Inc.'s Motion for

Summary Judgment; and Exhibit A to the Mineshima Declaration.

During 2002, McNeil was employed at a Catholic Montessori

preschool in Honolulu, Hawaii.  Declaration of Aulani McNeil attached to Staton

Mineshima's and Hale Kipa, Inc.'s Motion for Summary Judgment at ¶ 5.  Fehn,

who also worked at the same preschool, became friends with McNeil.  *Id*.  In late

January or early February, 2003, Fehn told McNeil that she wanted Sasha removed

from Hale Kipa, and asked McNeil if Sasha could live with McNeil and her

husband.  McNeil agreed.  *Id*. at ¶ 8.  Sasha lived with McNeil from February 7

until late March, 2003.  *Id*. at ¶¶ 10, 13.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"One of the principal purposes of the summary judgment rule is to

isolate and dispose of factually unsupported claims or defenses[.]"  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323-324 (1986).  The burden initially lies with the moving party to show that there is no genuine issue of material fact.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). Nevertheless, "summary judgment is mandated if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999) (quoting *Celotex*, 477 U.S. at 322).

"*Sua sponte* summary judgment is only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'" *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).  *See also Celotex*, 477 U.S. at 326.  ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").  Reasonable notice requires that the losing party be afforded adequate time to develop facts to oppose summary judgment.  *Oluwa*, 133 F.3d at 1239.

## III.  ANALYSIS

A.     Fehn was Given Notice of the Court's Inclination to Dismiss her Case against McNeil, and Provided with an Opportunity to Respond

After granting summary judgment to all defendants other than McNeil, the court issued a September 6, 2006 Order to Show Cause, requiring Fehn to show cause why her claims against McNeil should not be dismissed.  The Order stated that, "[f]or the reasons discussed in the Court's Summary Judgment Order, it appears that Fehn has failed to make out a claim under § 1985.  It also appears to the court that Fehn's § 1983 claim against McNeil must fail because Fehn has not alleged that McNeil acted under the color of state law."  Order at 2.

Fehn was specifically told that if she believed that any of her federal claims against McNeil should not be dismissed, she should file a response to the Order by October 6, 2006, and that her response must explain the basis of her claims against McNeil, including facts to support the claims.  Fehn has not responded to the court's Order.

B.     The Court *Sua Sponte* Dismisses the Claims against McNeil

In her Complaint, Fehn contends that the defendants (presumably including McNeil) violated her civil rights under 42 U.S.C. § 1983 and 42 U.S.C. §

1985.[1]   Factually, she claims that McNeil removed Sasha from Hale Kipa without Fehn's permission.  Later in the Complaint, she alleges that an employee of Child Protective Services placed Sasha with McNeil.  Fehn's claims under §§ 1983 and 1985 both fail as a matter of law.

      1.    <u>McNeil did not act under color of state law for purposes of § 1983</u>

"To sustain an action under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  As with the Hale Kipa defendants, the court finds that McNeil is entitled to summary judgment on Fehn's § 1983 claim because she is not a state actor and did not act under color of state law.

As a general matter, it is presumed that private parties are not acting under the color of state law for purposes of § 1983.  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *Price v. Hawaii*, 939 F.2d

---

[1] Fehn's Complaint also references 42 U.S.C. §§ 471, 472, 671 and 672.  As discussed in the court's November 3, 2005 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Fehn has failed to state a claim under these federal statutes.  The court also notes that Fehn's Complaint could be read to assert various state law causes of action.  The court declines to exercise jurisdiction over any such claims after granting summary judgment in favor of the Hale Kipa Defendants on all of Fehn's federal claims.  *See* 28 U.S.C. 1367(c)(3).

702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").  "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment:  is the alleged infringement of federal rights 'fairly attributable to the State?'"  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

There is no evidence indicating that McNeil's actions can in any way be attributed to the state.  McNeil is a teacher at a private preschool.  According to her declaration, which Fehn has not challenged (even though given reasonable notice and a fair opportunity to respond), Fehn asked McNeil to allow Sasha to stay with McNeil.  The record is devoid of any evidence suggesting that McNeil was a state actor.

In short, there is simply no evidence that McNeil was acting under the color of state law when she engaged in the conduct described in the Complaint. McNeil is therefore entitled to summary judgment on Fehn's § 1983 claim.

//

//

//

//

7

2.     Fehn's § 1985 claim fails because she has not alleged that McNeil discriminated against her based on her membership in a protected class

State action or conduct under color of state law is not needed to establish a claim under § 1985.  *See Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).  In order to prevail on a § 1985 conspiracy claim, a plaintiff must allege and prove:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  "The language [in § 1985] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Fehn has not alleged, argued, or provided any evidence suggesting that McNeil acted with a racial or other class-based animus.  Accordingly, the court grants summary judgment in favor of McNeil as to Fehn's § 1985 claim.

8

## IV.  <u>CONCLUSION</u>

For the reasons stated herein, the court *sua sponte* GRANTS summary judgment in favor of McNeil.  As a result of this Order, there are no claims remaining in this case.  The clerk's office is directed to close this case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 19, 2006.



                                            J. Michael Seabright
                                            United States District Judge

*Fehn v. Hvidding, et al*, Civ. No. 05-00082 JMS/BMK, Order *sua sponte* Granting Summary Judgment as to all Claims Against Aulani McNeil